UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT CHANDLER,

        Plaintiff,

v.

UNKNOWN PERKINS et al.,

        Defendants.
_____/

Case No. 1:18-cv-857

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

    I.      Factual allegations

Plaintiff Robert Chandler is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff sues the following MDOC officials at ICF: Officers (unknown) Perkins, (unknown) Tucker, (unknown)

Hawn, and (unknown) Swanson; and "Mental Health" official (unknown) Martin. (Compl., ECF No. 1, PageID.2.) In the caption of his complaint, he also names an individual with the last name "Wells." (*Id.*, PageID.1.)

Plaintiff alleges that Officer Perkins refused to feed Plaintiff a meal and falsely accused him of threatening behavior so that he would be sent to segregation. Plaintiff claims that this was cruel and unusual punishment, in violation of the Eighth Amendment.

Plaintiff alleges that Officer Tucker refused to give Plaintiff a razor and falsely accused him of stating that he intended to "choke her out when these doors break." (Compl., PageID.5.) As a result of Tucker's accusation, Plaintiff was transferred to segregation. Plaintiff claims that this violated the Eighth Amendment.

Officer Hawn allegedly took items from Plaintiff's cell without cause and without documenting the items that he took. Plaintiff claims that this was a violation of the Fourth Amendment.

In addition, Officer Hawn threatened to give Plaintiff a misconduct ticket if he did not see Plaintiff's "penis print" when Plaintiff is on his way to the shower area. According to Plaintiff the prison rules require prisoners not to wear a shirt or underwear to the showers, but "nothing states that we are entitle[d] to comments and treatment like that. . . . [I]t's not the rules to say that if [Officer Hawn] don't see a penis print he would [write] a ticket." (*Id.*, PageID.6.) Plaintiff claims that Officer Hawn's threats were cruel and unusual punishment.

Plaintiff alleges that he asked Officer Swanson to call healthcare because Plaintiff bit into a rock while eating his beans. Plaintiff wanted Tylenol, but Swanson did not respond to Plaintiff's request, violating Plaintiff's rights under the Eighth Amendment.

Officer Martin allegedly caused Plaintiff to receive a misconduct ticket when she claimed, falsely, that she saw Plaintiff stroking his penis. The next day, she came into his cell and slammed his window shut for no reason. Plaintiff asserts that this was cruel and unusual punishment, intended to provoke him.

As relief, Plaintiff apparently seeks an injunction requiring Defendants to receive additional training and to be laid off without pay.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

Plaintiff claims that Defendants' actions violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

1. Officer Perkins

Officer Perkins allegedly refused to feed Plaintiff a meal. "[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). However, the deprivation of meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation). Thus, depriving Plaintiff of one meal did not subject him to cruel and unusual punishment.

According to Plaintiff, Officer Perkins also falsely accused Plaintiff of misconduct, resulting in Plaintiff being moved to segregation. A false accusation of misconduct is not, in and of itself, an Eighth Amendment violation because it does not deprive a prisoner of the "minimal civilized measure of life's necessities" or subject him to a serious risk of harm.

5

Plaintiff's confinement in segregation is not enough to state an Eighth Amendment claim. Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981). A prisoner confined in segregation typically loses certain privileges as a result of that confinement, but Plaintiff does not allege that he was denied basic human needs and requirements. Absent such allegations, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Thus, Plaintiff fails to state a claim against Defendant Perkins.

2. Officer Tucker

Officer Tucker refused to give Plaintiff a razor. Plaintiff claims that he is entitled to shave. The Sixth Circuit has concluded that the deprivation of personal hygiene items for a brief span of time is not actionable. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing cases). Plaintiff does not allege any facts indicating that the deprivation of a razor prevented him from maintaining adequate hygiene, caused him any significant discomfort, or posed a substantial risk to his health or safety. Not every deprivation in prison violates the Eighth Amendment.

Officer Tucker also falsely accused Plaintiff of misconduct, which resulted in further confinement in segregation for Plaintiff. For the reasons discussed in the previous section with respect to Defendant Perkins, Plaintiff's allegations about false misconduct charges and confinement in segregation do not state a claim. Accordingly, Plaintiff fails to state a claim against Defendant Tucker.

### 3. Officer Hawn

Officer Hawn allegedly threatened to give Plaintiff a misconduct ticket if he could not see Plaintiff's "penis print" when Plaintiff is headed to the shower area. It is not clear what this means. Plaintiff apparently contends that Officer Hawn was issuing a threat that is not based on prison policy. However, verbal harassment and threats by prison officials do not constitute "punishment" within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Nor do they rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.*

Moreover, Officer Hawn's failure to follow prison policy does not state a claim under § 1983. An alleged failure to comply with an administrative rule or prison policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

### 4. Officer Swanson

Officer Swanson allegedly refused to contact healthcare after Plaintiff complained that he had bitten a rock in his food. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The

Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A serious medical need is one that, if left untreated, poses a substantial risk of serious harm. *Id.* This includes cases "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

Plaintiff does not allege facts indicating that he had a serious medical need requiring Officer Swanson's attention. Apparently, Plaintiff wanted Tylenol because his mouth was sore. That is not an objectively serious need requiring immediate medical attention. Thus, Plaintiff does not state a claim against Defendant Swanson.

### 5. Officer Martin

Officer Martin allegedly made a false accusation against Plaintiff that caused him to receive a misconduct ticket. As indicated with respect to Officer Perkins, a false accusation of misconduct does not state an Eighth Amendment claim.

Officer Martin also slammed Plaintiff's window shut. Plaintiff does not allege any consequences, such as injury or risk of physical harm, stemming from Officer's Martin's actions. Thus, Plaintiff does not state a claim against Officer Martin.

### B. Fourth Amendment

Plaintiff believes that Officer Hawn's actions violated the Fourth Amendment. She allegedly entered his cell and took some items without cause. This claim is meritless because the Fourth Amendment's prohibition an unreasonable searches and seizures does not protect prison cells. According to the Supreme Court, "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). "A right of privacy in traditional Fourth Amendment terms is

fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* at 527-28. Accordingly, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." *Id.* at 528 n.8. Thus, Officer Hawn did not violate the Fourth Amendment by entering Plaintiff's cell and searching or seizing his property.

To the extent Plaintiff complains that Officer Hawn deprived him of property without following proper procedure, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." Parratt, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Because Plaintiff's claim is premised upon allegedly improper and unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition

9

the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff does not state a Fourth Amendment claim, or any other claim under § 1983, against Officer Hawn.

### C. Conclusory Allegations

Plaintiff identifies an individual named "Wells" in the caption of his complaint, but Wells is not mentioned elsewhere in the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin*

*v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because there are no allegations in the complaint about Wells, Plaintiff fails to state a claim against him.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  September 13, 2018          /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge